IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FROZEN FOOD EXPRESS TRANSPORTATION SERVICES, INC.,** § § § | | |
| Plaintiff, § § | | |
| v. § | Civil Action No. **3:09-CV-0705-L** | |
| § | | |
| **CEDRIC LYONS,** § § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Plaintiff Frozen Food Express Transportation Services, Inc.'s Motion for Entry of Default Judgment, filed April 13, 2010; and (2) Plaintiff Frozen Food Express Transportation Services, Inc.'s Motion for Reasonable Attorneys Fees and Costs, filed April 13, 2010. After carefully considering the motions, record, and applicable law, the court **grants** Plaintiff Frozen Food Express Transportation Services, Inc.'s Motion for Entry of Default Judgment and **grants** Plaintiff Frozen Food Express Transportation Services, Inc.'s Motion for Reasonable Attorneys Fees and Costs.

Plaintiff Frozen Food Express Transportation Services, Inc. ("Plaintiff" or "FFE") seeks default judgment against Defendant Cedric Lyons ("Defendant" or "Lyons") as to the relief requested in its April 17, 2009 Original Complaint. Specifically, Plaintiff brought claims of breach of contract and equitable subrogation against Lyons. Plaintiff also seeks attorney's fees and costs pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

On April 13, 2010, Plaintiff filed a request for entry of default, and the clerk entered default against Defendant Lyons on April 20, 2010. Plaintiff now seeks entry of default judgment against

**Memorandum Opinion and Order - Page 1**

Lyons in the amount of $20,268.99. Plaintiff also seeks attorney's fees and costs in the amount of $9,867.45.

The court finds that because Lyons did not file an answer to Plaintiff's Original Complaint or otherwise enter an appearance in this lawsuit, and because he is not an infant, incompetent, or in the military, Plaintiff is entitled to judgment against him. The court therefore accepts as true the facts stated by Plaintiff in its Original Complaint, Plaintiff's Motion for Entry of Default Judgment, Plaintiff's Motion for Reasonable Attorneys Fees and Costs, and the affidavits submitted by Plaintiff. These establish Defendant's liability to Plaintiff.

Plaintiff seeks $20,268.99 for medical expenses and wage replacement paid to or on behalf of Defendant pursuant to the terms of the Occupational Injury Benefit Plan. If the amount of the judgment can be reliably computed from the record, and a party is otherwise entitled to default judgment, a default judgment can be entered without a hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1991); *see generally* Fed. R. Civ. P. 55(b)(1) & (2).

Based on the allegations in Plaintiff's Original Complaint, which the court accepts as true, as well as the affidavits and evidence submitted in support of Plaintiff's motion for default judgment, the court determines that Defendant is liable to Plaintiff in the amount of $20,268.99. Accordingly, the court will grant Plaintiff's request for default judgment in the amount of $20,268.99.

Plaintiff also seeks attorney's fees and costs in the amount of $9,867.45. The court may award attorney's fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code. Based upon the record before it, the court determines that Plaintiff is entitled to recover its attorney's fees and costs. The court determines that the services rendered and the hours expended by counsel for Plaintiff were reasonable and necessary to prosecute its claims, and that the hourly rates charged by

each attorney are the normal, customary charges for services rendered in the Dallas legal community commensurate with each attorney's level of ability, competence, experience, and skill. Accordingly, the court concludes that the fees and costs requested by Plaintiff are reasonable and awards Plaintiff $9,867.45 in attorney's fees and costs.

For the reasons stated herein, the court **grants** Plaintiff Frozen Food Express Transportation Services, Inc.'s Motion for Entry of Default Judgment and **grants** Plaintiff Frozen Food Express Transportation Services, Inc.'s Motion for Reasonable Attorneys Fees and Costs. Accordingly, the court hereby orders that default judgment be entered for Plaintiff FFE against Defendant Lyon. Plaintiff is entitled to judgment in the amount of $20,268.99, and attorney's fees and costs in the amount of $9,867.45. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

**It is so ordered** this 22nd day of April, 2010.

Sam A. Lindsay
United States District Judge